IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | | NO. 06 C 2972 |
| vs. | | JUDGE REBECCA R. PALLMEYER |
| DEE ERECTORS, INC., a corporation, | | |
| Defendant. | | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of a Settlement Agreement entered into by the parties. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans known as the Iron Workers' Mid-America Pension Plan, Iron Workers' Mid-America Supplemental Monthly Annuity (SMA) Fund and Iron Workers' Tri-State Welfare Plan, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreements entered into with Locals 1, 63, and 444 of the International Association of Bridge, Structural & Ornamental Iron Workers and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs alleged

that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On August 8, 2006, this Court dismissed this cause of action without prejudice and with leave to reinstate by September 8, 2006 pursuant to the parties' representation that settlement had been reached. The Court retained jurisdiction to enforce the terms of the parties' settlement (a copy of the Court's Minute Order dated August 8, 2006 is attached as Exhibit A).

3. The Settlement Agreement was executed by Plaintiffs on August 11, 2006, and by Defendant on November 21, 2006 (a copy of the Settlement Agreement is attached hereto as Exhibit B).

4. The parties agreed to settle the instant litigation for the amount of $15,220.22, representing unpaid contributions as set forth on the audit report. In exchange for payment of $15,220.22 from Defendant pursuant to the payment schedule, and contingent on satisfaction of all the terms of the Settlement Agreement, Plaintiffs agreed to waive their claim for liquidated damages, interest, audit fees, court costs and attorneys' fees, in the total amount of $7,843.49, due as of August 1, 2006, as described in Paragraph 2 of the Settlement Agreement.

5. Defendant agreed to make payment to Plaintiffs of $15,220.22, by way of the following payment schedule:

| Payment Due Date | Beginning Balance | Payment Amount | Principal | Interest | Balance Due |
| --- | --- | --- | --- | --- | --- |
| 11/15/06 | $15,220.22 | $1,000.00 | $ 771.70 | $ 228.30 | $14,448.52 |
| 12/15/06 | $14,448.52 | $1,000.00 | $ 783.27 | $ 216.73 | $13,665.25 |
| 01/15/07 | $13,665.25 | $1,000.00 | $ 795.02 | $ 204.98 | $12,870.23 |
| 02/15/07 | $12,870.23 | $1,000.00 | $ 806.95 | $ 193.05 | $12,063.28 |
| 03/15/07 | $12,063.28 | $1,000.00 | $ 819.05 | $ 180.95 | $11,244.23 |
| 04/15/07 | $11,244.23 | $1,000.00 | $ 831.34 | $ 168.66 | $10,412.89 |
| 05/15/07 | $10,412.89 | $1,000.00 | $ 843.81 | $ 156.19 | $ 9,569.08 |
| 06/15/07 | $ 9,569.08 | $1,000.00 | $ 856.46 | $ 143.54 | $ 8,712.62 |
| 07/15/07 | $ 8,712.62 | $1,000.00 | $ 869.31 | $ 130.69 | $ 7,843.31 |
| 08/15/07 | $ 7,843.31 | $1,000.00 | $ 882.35 | $ 117.65 | $ 6,960.96 |
| 09/15/07 | $ 6,960.96 | $1,000.00 | $ 895.59 | $ 104.41 | $ 6,065.37 |
| 10/15/07 | $ 6,065.37 | $1,000.00 | $ 909.02 | $ 90.98 | $ 5,156.35 |
| 11/15/07 | $ 5,156.35 | $1,000.00 | $ 922.65 | $ 77.35 | $ 4,233.70 |
| 12/15/07 | $ 4,233.70 | $1,000.00 | $ 936.49 | $ 63.51 | $ 3,297.21 |
| 01/15/08 | $ 3,297.21 | $1,000.00 | $ 950.54 | $ 49.46 | $ 2,346.67 |
| 02/15/08 | $ 2,346.67 | $1,000.00 | $ 964.80 | $ 35.20 | $ 1,381.87 |
| 03/15/08 | $ 1,381.87 | $1,402.60 | $ 1,381.87 | $ 20.73 | $ 0.00 |

6.	The parties further acknowledged that Defendant would remain current with respect to the submission of monthly reports and contributions that become due throughout the payment schedule, and that timely submission of all reports and contributions is an express condition of the Plaintiffs' agreement to terminate the instant litigation.

7.	The Settlement Agreement further provides that if Defendant fails to make any of the payments as agreed in Paragraphs 3 or 5 of the Settlement Agreement, Defendant shall be considered in breach of the Settlement Agreement. In the event of a breach, Plaintiffs shall be entitled to apply

3

to the Court for reinstatement of this action for the limited purpose of entry of judgment against the Defendant for any amounts remaining due under the payment schedule in Paragraph 3 of the Settlement Agreement, any additional contributions due pursuant to Paragraph 5, the liquidated damages, audit fees, court costs and attorneys' fees that would have been waived but for the breach, plus any additional costs and attorneys' fees incurred by the Funds to collect those amounts.

8. On or about November 30, 2006, the Plaintiffs agreed to Defendant's request that it be allowed to submit by December 15, 2006, the first and second installment payments due on November 15, 2006 and December 15, 2006, respectively.

9. On December 28, 2006, Plaintiffs' counsel wrote to Defendant's counsel regarding the failure of the Defendant to submit the first two (2) installment payments of $1,000.00 due pursuant to the Settlement Agreement (a copy of the December 28, 2006 letter from Plaintiffs' counsel to Defendant's counsel is attached hereto as Exhibit C).

10. On January 8, 2007, Plaintiffs' counsel received a check from Defendant for $1,000., representing the first payment due pursuant to the Settlement Agreement.

11. On January 29, 2007, Plaintiffs' counsel spoke with Defendant's counsel by telephone regarding the payments due by December 15, 2006 and January 15, 2007. Defendant's counsel advised he would speak to his client regarding Defendant's breach of the terms of the Settlement Agreement. Defendant's counsel advised that if he did not call Plaintiffs' counsel back, then Plaintiffs' counsel could expect the delinquent payments within approximately one (1) week.

12. On February 26, 2007, Plaintiffs' counsel left a telephone message with Defendant's counsel's receptionist.

13. On March 8, 2007, Plaintiffs' counsel again left a telephone message with Defendant's counsel's receptionist.

14. Defendant has not submitted any additional payments due pursuant to the terms of the Settlement Agreement, except for the one received on January 8, 2007. Accordingly, Defendant is in breach of the terms of the Settlement Agreement in that the Plaintiffs have not received the payments due by December 15, 2006, January 15, 2007, February 15, 2007, or March 15, 2007.

15. Plaintiffs have incurred reasonable attorneys' fees totaling $855.00 since August 1, 2006 (Chapman Aff.).

16. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against the Defendant. Specifically, Plaintiffs request:

- A. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $24,246.09, being the total amount remaining due for contributions, liquidated damages, interest, court costs and attorneys' fees for the audit period January 1, 2001 through September 30, 2003 (court costs and attorneys' fees are as of August 1, 2006).

- B. That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $855.00 representing attorneys' fees incurred by the Plaintiffs since August 1, 2006.

- C. That judgment be entered in favor of Plaintiffs and against Defendant in the total sum of **$25,101.09**.

- D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 19th day of March 2007:

                Mr. Gary J. Fernandez
                Gary Fernandez & Associates, Ltd.
                1200 Roosevelt, Suite 150
                Glen Ellyn, IL   60137

                /s/   Patrick N. Ryan


Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:  6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\MIDJ\Dee Erectors\motion to reopen and enter judgment.pnr.df.wpd